1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9   MIGUEL NUALLA HERNANDEZ,             CV F  05-0347 REC DLB HC

10                  Petitioner,         FINDINGS AND RECOMMENDATIONS
                                        RECOMMENDING DISMISSAL OF
11       v.                             PETITION FOR WRIT OF HABEAS CORPUS
                                        FOR FAILURE TO OBEY A COURT ORDER
12
     ATTORNEY GENERAL JOHN              [Doc. 1]
13   ASHCROFT,

14                  Respondents.
                                    /
15

16      Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE")

17   and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18      Petitioner filed the instant petition for writ of habeas corpus on March 14, 2005.  By order

19   of April 4, 2005, the Court directed Petitioner to submit a complete application to proceed in

20   forma pauperis and certified copy of prison trust account statement.[1]  Petitioner has failed to

21   comply with the Court's order.

### DISCUSSION

23      Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

24   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

25   and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

26   power to control their dockets and "in the exercise of that power, they may impose sanctions

27

28      [1] On April 11, 2005, the order was returned to the Court with a notation that Petitioner was "out of
     custody."  (Court Doc. 9.)

1

1   including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

2   829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

3   failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

4   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

5   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

6   comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833

7   F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

8          In determining whether to dismiss an action for lack of prosecution, the Court must

9   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

10  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public

11  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

12  alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856

13  F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving

14  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

15  case has been pending since March 14, 2005.  The Court cannot hold this case in abeyance

16  indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to

17  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

18  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,

19  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

20  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

21  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

22                                         RECOMMENDATION

23        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

24  Petitioner's failure to prosecute.  These Findings and Recommendations are submitted to the

25  United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. §

26  636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,

27  Eastern District of California.  Within thirty (30) days after being served with a copy, any party

28  may file written objections with the court and serve a copy on all parties.  Such a document

1   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

2   Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if

3   served by mail) after service of the objections.  The Court will then review the Magistrate

4   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

5   to file objections within the specified time may waive the right to appeal the District Court's

6   order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7        IT IS SO ORDERED.

8   **Dated:    May 25, 2005**              **/s/ Dennis L. Beck**
    3b142a                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28